```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

LOUISE LISANSKY              )
                             )
        Plaintiff,           )
                             )
        v.                   )    1:06cv677(JCC)
                             )
CPF CORP., et. al.,          )
                             )
        Defendants.          )
```

## M E M O R A N D U M   O P I N I O N

This matter comes before the Court on Defendants' motion to strike witnesses identified in Plaintiff's Rule 26(a)(2) disclosure. For the following reasons, the Court will deny Defendants' motion.

### I. Background

This action arises from an alleged slip and fall incident at Ronald Reagan National Airport ("Reagan National") on June 14, 2004. The facts as alleged by Plaintiff Louise Lisansky are as follows: On June 13, 2004, Plaintiff traveled by air to Washington, D.C. and landed at Reagan National in the early hours of June 14, 2004. After landing, Plaintiff exited the airport using a moving walkway. As she stepped off the moving walkway, she slipped and fell on the tile floor and suffered a broken femur. Plaintiff alleges that the floor was wet and slippery due to a recent cleaning performed by an employee of Defendant CPF. However, no signs or warnings were posted indicating a wet or

slippery walkway, and she had no reason to believe the floor was wet.

Plaintiff claims that CPF was negligent in cleaning the floor, and both CPF and the Metropolitan Washington Airport Authority ("MWAA") were negligent in failing to properly warn of a potentially dangerous area.  Plaintiff further contends that MWAA was negligent in its supervision of CPF in not turning off the moving walkway when the floors were being cleaned.  Plaintiff suffered a closed fracture of her left femur, requiring open reduction and internal fixation of the bone.  In addition to pain, suffering, and medical expenses, Plaintiff claims to have suffered a permanent physical impairment, lost wages, and emotional distress.

On March 2, 2007, Plaintiff identified eleven witnesses as part of her initial disclosures under Rule 26(a)(2) of the Federal Rules of Civil Procedure.  Two of the witnesses, Barry White ("White") and Richard Holstrom ("Holstrom") were identified as retained experts and the disclosures were accompanied by written reports.  The other nine witnesses were listed as "non-retained treating medical providers" and identified by name and address or moniker.  On March 27, 2007, Defendants moved to strike witnesses on the grounds that Plaintiff insufficiently identified them and thus failed to satisfy the requirements of Rule 26(a)(2).  On April 3, 2007, Defendants withdrew their

motion to strike non-retained treating medical providers, and on April 12, 2007 Plaintiff withdrew White as an expert pursuant to a joint stipulation.  Defendants' motion as relates to Holstrom is currently before the Court.

## II.  Standard of Review

Federal Rule of Civil Procedure 26(a)(2)(B) requires that each party disclose the identity and report of any witness who is retained to provide expert testimony.  Fed. R. Civ. P. 26(a)(2)(A)-(B).  The report submitted along with the identifications is required to contain: (1) a complete statement of all opinions to be expressed and the basis and reasons for each; (2) data or other information considered by the witness in forming the opinions; (3) exhibits to be used as support for the opinions; (4) the qualifications of the witness, including a list of prior publications; (5) the compensation to be paid for the study and testimony; and (6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the last ten years.  *Sharpe v. United States*, 230 F.R.D. 452, 458 (E.D. Va. 2005)(citing Fed. R. Civ. P. 26(a)(2)(B)).  A party that fails, without substantial justification, to disclose information required by Rule 26(a) or 26(e)(1) is not permitted to use as evidence at trial any information not so disclosed.  *See* Fed. R. Civ. P. 37(c)(1).

### III.  Analysis

Plaintiff's 26(a)(2) disclosure identifies Holstrom as a forensic accountant and includes a detailed expert report.  The Court finds the expert report to be fully compliant with the disclosure requirements of Rule 26(a)(2).  First, the expert report contains a complete statement of the opinion offered, and the reasons and bases for those opinions.  Second, it contains a full list of documents and data reviewed by Holstrom in forming this opinion.  (Exp. Rep. at ¶ 3).  Finally, the report contains a list of summaries and exhibits supporting the opinion, a list of qualification, a list of prior publications and seminars, and a list of trials and arbitrations in which he testified or was deposed.  (*See* Exp. Rep. at Schedule 1-5, Ex. A-B).  The report does not currently contain the amount paid for his services, but this may be supplemented at a later date.

Defendants state a number of challenges attacking the sufficiency of the report itself, but no legitimate challenges based upon Rule 26(a)(2).  Plaintiff has complied with Rule 26(a)(2), and Defendants various substantive attacks go to weight and credibility of the testimony, not to the procedural requirements of Rule 26(a)(2).  Thus, Defendants' claim of prejudice because they allegedly "were not provided with suficient information prior to or through the time for filing Plaintiff's 26(a)(2) Disclosure" lacks merit.  Finally,

Defendants' attempt to manufacture a strict specificity requirement for expert opinions in order to satisfy Rule 26(a)(2), based upon *Carr v. Deeds,* 453 F.3d 593 (4th Cir. 2006), is misguided. In *Carr,* the plaintiff never filed any expert disclosure, rendering Defendant unable to prepare for the expert deposition–-which occurred over one year after the expert disclosures were due. *Id.* at 603-04. In this case, Plaintiff complied with Rule 26(a), on time, and may still supplement the expert report if new information is available. Accordingly, the Court sees no reason to disqualify Holstrom at this time. Defendants' attacks on the merits of his testimony are more appropriate for cross-examination. Therefore, Defendants' motion will be denied.

### IV.  Conclusion

For the foregoing reasons, the Court will deny Defendants' motion to dismiss.


April 26, 2007                      _____/s/_____
Alexandria, Virginia                    James C. Cacheris
                                  UNITED STATES DISTRICT COURT JUDGE