IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

LOUISE LISANSKY                )
                               )
          Plaintiff,           )
                               )
     v.                        )        1:06cv677(JCC)
                               )
CPF CORP., *et. al.*,          )
                               )
          Defendants.          )

## M E M O R A N D U M   O P I N I O N

     This matter comes before the Court on Plaintiff's
objections to United States Magistrate Judge Poretz's June 22,
2007 ruling granting Defendant's motion for protective order.
For the following reasons, the Court will overrule Plaintiff's
objections.

### I.  Background

     This action arises from an alleged slip and fall
incident at Ronald Reagan National Airport ("Reagan National") on
June 14, 2004.  The facts as alleged by Plaintiff Louise Lisansky
are as follows:  On June 13, 2004, Plaintiff traveled by air to
Washington, D.C. and landed at Reagan National in the early hours
of June 14, 2004.  After landing, Plaintiff exited the airport
using a moving walkway.  As she stepped off the moving walkway,
she slipped and fell on the tile floor and suffered a broken
femur.  Plaintiff alleges that the floor was wet and slippery due
to a recent cleaning performed by an employee of Defendant CPF.
However, no signs or warnings were posted indicating a wet or

slippery walkway, and she had no reason to believe the floor was wet.

Plaintiff claims that CPF was negligent in cleaning the floor, and both CPF and the Metropolitan Washington Airport Authority ("MWAA") were negligent in failing to properly warn of a potentially dangerous area.  Plaintiff further contends that MWAA was negligent in its supervision of CPF in not turning off the moving walkway when the floors were being cleaned.  Plaintiff suffered a closed fracture of her left femur, requiring open reduction and internal fixation of the bone.  In addition to pain, suffering, and medical expenses, Plaintiff claims to have suffered a permanent physical impairment, lost wages, and emotional distress.

During discovery, Plaintiff requested video footage of the accident, but Defendants stated such footage did not exist.  In April 2007, prior to the end of discovery, a video was discovered and produced to Plaintiff.  On June 1, 2007, Defendants amended their Answer to admit liability for ordinary negligence in light of the videotape evidence.  Because negligence was the only claim pled, the Amended Answer resolved the issue of liability, leaving damages as the only triable issue.  On June 8, 2007, Defendants filed a motion for a protective order to preclude the depositions of MWAA and CPF corporate designees as needlessly cumulative in light of the

liability concession.  On June 22, 2007, Magistrate Judge Poretz granted the motion.  On July 6, 2007, Plaintiff filed an objection to the Magistrate Judge's ruling pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.  This motion is currently before the Court.

## II.  Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters such as discovery orders.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see *Federal Election Comm'n v. The Christian Coalition,* 178 F.R.D. 456, 459-60 (E.D. Va. 1998)(citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir. 1990)).  As a non-dispositive matter, the review of a magistrate's discovery order is properly governed by the "clearly erroneous or contrary to law" standard of review. *See Jesselson v. Outlet Assocs. of Williamsburg, Ltd. Partnership,* 784 F. Supp. 1223, 1228 (E.D. Va. 1991).

Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision.  Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A).  A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United*

-3-

*States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948); *see also Harman v. Levin,* 772 F.2d 1150, 1152 (4th Cir. 1985).  A treatise on federal practice and procedure describes altering a magistrate's non-dispositive orders as "extremely difficult to justify."  12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3069 (2d ed. 1997).  However, the same treatise admits that "although an abuse-of-discretion attitude should apply to many discovery and related matters, it need not curtail the power of the district judge to make needed modifications in the magistrate judge's directives." *Id.*

### III.  Analysis

A) <u>Willful and Wanton Negligence</u>

Plaintiff first objects to Magistrate Judge Poretz's ruling because it denied Plaintiff discovery of information related to causation of her injury, treatment and care received, and spoliation of evidence.  Plaintiff argues for clear error on the ground that the Magistrate "relied solely on a dubious representation of Defendant's counsel, and denied Plaintiff her right to relevant discovery."  (Pl.'s Mot. at 5).  Plaintiff further argues that the information sought was relevant because Defendants only admitted ordinary negligence, and discovery was sought on the issue of wilful and wanton negligence in an effort to seek punitive damages.

-4-

However, in the various cases cited by Plaintiff as authority, willful and wanton negligence was pled as a cause of action, and punitive damages were sought in the complaint. *See, e.g., Alfonso v. Robinson,* 514 S.E.2d 615, 617 (Va. 1999)(stating clearly that Count II was a claim for willful and wanton negligence); *Clohessy v. Weiler,* 462 S.E.2d 94 (Va. 1995)(addressing the issue of proper jury instruction on the issue of willful and wanton negligence).  In the instant action, Plaintiff has not alleged any facts which, if proven true, would constitute a claim for wilful or wanton negligence, and thus has not pled a valid claim for punitive damages.  Furthermore, the viability of a potential claim for willful and wanton negligence has already been addressed.  On June 1, 2007, Magistrate Judge Poretz denied Plaintiff leave to amend in order to include punitive damages on a willful and wanton misconduct theory in light of the video evidence.

This Court is unconvinced by Plaintiff's argument that Magistrate Judge Poretz erred by relying on a proffer from counsel that all discoverable information had been provided relating to standards of care.  Had the Magistrate granted a protective order solely on this basis, this Court's decision may be different.  However, considering the discovery deadline had passed, the motion for leave to amend to include punitive damage because had already been denied because no basis for such a claim

-5-

existed, *and* counsel proffered that all relevant materials related to the cleaning policies and procedures of CPF and MWAA had already been provided, further discovery on the potential issues of willful and wanton negligence was not relevant, and would have been unnecessarily cumulative.  Thus, the Court finds no error in this decision.

Finally, in the objections before the Court, Plaintiff has not provided any new basis for a willful and wanton negligence and punitive damages claim, but instead asks the Court for permission to conduct further discovery to determine if there may be evidence of such a claim.  The Court is not inclined to reopen discovery one month before trial to permit Plaintiff to pursue a potential claim that currently does not exist.[1]  Accordingly, this Court finds that Magistrate Judge Poretz's Order was not clearly erroneous or contrary to law.

B) <u>Spoliation of Evidence Sanctions</u>

The issue of discovery into spoliation issues was not properly raised before Magistrate Judge Poretz.  The issue was only addressed briefly, when Magistrate Judge Poretz reiterated his denial of spoliation sanctions.  Plaintiff makes no valid objection to the Magistrate Judge's ruling on this ground, and

---

[1] Trial is scheduled for August 27, 2007, and Plaintiff's objections were filed on July 6, 2007.

this Court will not order further discovery into the issue of spoliation.

      C) <u>Pain and Suffering</u>

        Plaintiff finally objects to the Magistrate's holding on the ground that it denied the opportunity to depose MWAA emergency personnel in order to obtain information concerning treatment as well as objective evidence of pain and suffering at the scene of the accident.  However, the Magistrate determined that Plaintiff is in the best position to testify regarding pain and suffering at the scene.  Furthermore, an MWAA patient care report has been produced containing the information sought.  Accordingly, the Court finds no error in the Magistrate's denial of discovery into these areas.

## IV.  Conclusion

        For the foregoing reasons, the Court will overrule Plaintiff's objections.  An appropriate Order will issue.


July 30, 2007
Alexandria, Virginia

_____/s/_____
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE